Jacob Steffen, Plaintiff, *v.* John A. Vomacka, Defendant.

City Court of New York, Special Term, Bronx County, May 25, 1936.

*Max Greenberger*, for the plaintiff.

*Howard A. Sperry*, for the defendant.

Evans, J. The complaint is for materials furnished and labor performed in the year 1922. The next year the parties entered into an arbitration agreement, and the controversy was submitted for the decision of the arbitrators. This proceeding seems to have been pending for about twelve years, because the complaint informs

us that, in the year 1935, the umpire of the arbitrators died without deciding the controversy. Thereafter this action was commenced. The answer, among other things, pleads the six-year Statute of Limitations. The plaintiff replied to that defense, and admitted that " more than six years have elapsed since the cause of action alleged in the complaint accrued."

The answer further tells us that plaintiff's assignor made application to the Supreme Court for the appointment of another arbitrator to replace the deceased umpire, and that the motion was denied on January 15, 1936. But since this particular defense was not replied to, it must be deemed controverted, and may not be considered on a motion addressed to the pleadings. But if this allegation of the answer be true, it is of no importance here.

The pendency of a proceeding, under an arbitration agreement, is no defense to the action. The remedy is to obtain a stay of the suit, brought in violation of the arbitration agreement. (Arbitration Law, § 5.) Such a stay must be obtained from the Supreme Court.

This motion must be determined on the allegations of the complaint that the work was performed and materials furnished in the year 1922, and on the admitted allegation of the answer that more than six years have elapsed since the cause of action accrued.

Upon such a state of facts, the plaintiff is not saved by section 25 of the Civil Practice Act, even though the arbitration proceeding is still pending undetermined, and even though the Supreme Court has refused to appoint another arbitrator in the place of the one deceased.

There is nothing in section 25 of the Civil Practice Act that provides for the termination of an arbitration proceeding because of the death of an arbitrator. As a matter of fact, the deceased arbitrator may be replaced. The complaint says that the Supreme Court appointed the deceased umpire of the arbitrators. The Supreme Court may, if it will, appoint another in his place. The complaint fails to save itself from the Statute of Limitations by merely alleging that the umpire of the arbitrators died. There must be alleged such facts as would save the complaint from the operation of the Statute of Limitations. Without allegation of the pending arbitration, the plaintiff faces certain dismissal of his complaint because of the six-year Statute of Limitations. With the allegation of the pending arbitration, and the death of the arbitrator, the plaintiff is in no better position, because the arbitration agreement and the pendency of the arbitration, of itself, does not endow plaintiff with the benefits of section 25 of the Civil Practice Act.

Section 25 of the Civil Practice Act is of no help to plaintiff under these circumstances. That section stays the operation of the Statute of Limitations only where the arbitration is revoked, so as to render it ineffectual in these instances: (1) By the death of a party; (2) by the act of the person against whom the action might have been brought, and (3) where a stay or injunction is put in the way of an effectual completion of the award or execution of the judgment, based on the arbitration proceedings.

It is not claimed by the pleadings that any of these barred the plaintiff's assignor from effectually completing its remedy under the arbitration proceedings. So that none of the provisions of section 25 are of any aid to plaintiff. The death of an arbitrator is not mentioned in section 25 of the Civil Practice Act. Such an eventuality requires the appointment by the proper court of another arbitrator. If the Supreme Court has refused to appoint another arbitrator that does not set the provisions of section 25 of the Civil Practice Act in operation in favor of plaintiff.

It may be that there are facts unpleaded, within the knowledge of plaintiff, that will bring him within the provisions of section 25 of the Civil Practice Act. If there are none, the motion for judgment on the pleadings dismissing the complaint will have to be granted. The plaintiff, however, may have an opportunity to plead over so as to allege such facts, if any, in answer to the defense of the Statute of Limitations. He may have leave to serve an amended reply within six days upon payment of ten dollars costs.